HAWKINS, Justice,
for the Court:
Johnny S. Burgess appeals from an order of the Circuit Court of Jackson County sustaining the motion to dismiss his declaration filed against Halter Marine, Inc., a Louisiana corporation, and its corporate directors Harold Halter, James Dubisson, Joseph LeBlanc, Floyd Naguin, William Im-bert and Charles Lugenbuhl. Finding the declaration stated a cause of action, we reverse and remand.
Burgess filed a declaration against the defendants on May 4, 1981. He alleged that on May 5, 1975, he was employed by Halter Marine Fabricators, Inc., of Moss Point, Mississippi, a separate corporate entity to the corporate defendant, to work on a ship owned by the defendants, and while thus employed was injured when he fell into an open, unguarded hole on the ship. He further alleged the injuries received resulted from the failure of the defendants to fulfill the following non-delegable duties:
*1386 A. To provide proper care, supervision and instruction of the installation procedure involved in the ship’s construction.
B. To provide necessary and competent safety personnel to conduct proper safety inspections of the work area involved to see that potential hazards were eliminated or to warn against said hazards.
C. To provide necessary and competent emergency medical personnel to assist any injured worker and to see that said workers are immediately taken to emergency facilities upon the occurring of an injury.[1]
The defendants answered, and filed a “Motion to Dismiss in the Nature of a Plea in Bar”. In support of this motion the defendants set out that Burgess had received workmen’s compensation benefits, that he had elected his remedies, and was barred by the provisions of the Longshoremen’s and Harbor Workers’ Compensation Act (LHWCA), 33 U.S.C. 905(a). By plea in bar the defendants alleged Burgess was employed by the corporate defendant, and in their answer they denied plaintiff was employed by Halter Marine Fabricators, Inc.
Counsel argued the motion before the circuit judge in a proceeding in which no testimony or other evidence was offered, following which the action was dismissed.
The circuit judge based his ruling on the failure of the plaintiff to allege any duty or obligation owed him by the defendants. The circuit judge was bothered by the failure of the plaintiff to allege any contract between his employer and the defendants which would allow him on the ship, and nothing was shown giving the reason, in the first place, for working on the vessel.
In the order sustaining the motion to dismiss the court gave two reasons to support it: (1) the workmen’s compensation received by the plaintiff was his exclusive remedy, and (2) “the Plaintiff’s Declaration wholly failed to allege there existed any duty as between the Plaintiff and the Defendant herein, which is cognizable at law."
It is of interest that on appeal neither party specifically argued the "second reason the circuit judge gave in his order of dismissal.
The briefs address the exclusivity of remedy. The first question posed is whether plaintiff, after receiving workmen’s compensation from his employer, is barred from suing for negligence on the part of the ship’s owner. The answer is that he is not. This contention is fully answered in Jones & Laughlin Steel Corporation v. Pfeifer, — U.S. —, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983), even if the owner of the vessel was one and the same person or corporation as the plaintiff’s employer. Another reason that the Act does not bar plaintiff, under the allegations of his declaration, is that he alleged he was employed by a different corporation than the defendant corporation.[2] It is premature for us to make further exposition on the LHWCA in this opinion.[3]
Appellees’ counsel further argued that the LHWCA barred Burgess because his declaration alleged his injuries came about from failure of his fellow employees to perform non-delegable duties. This may very well be the case, and in such event Burgess will be barred under the Act. See: 33 U.S.C. 905(b). This will have to be de *1387 veloped by proof, however. The declaration may be read that plaintiff was injured as a result of some act or omission on the part of the ship’s owner aside from any act of fellow employees, as admittedly it may be read otherwise.
The most serious flaw in the declaration the astute circuit judge observed. A trial court’s frustration with a declaration such as this, couched in vague, ambiguous language, is certainly understandable. Again, proof on this matter may mean a brief sojourn for the plaintiff in the circuit court. For the time being, we hold plaintiff has alleged enough, barely, to stay in court. He will be subject to pleas to make a more definite statement, and of course proof on the matter.
The declaration was filed one day before plaintiff was barred by the Mississippi statute of limitations. If we affirmed, he would forever lose his opportunity for his day in court.
This is a case of admiralty and maritime jurisdiction. Because it has been brought in personam only, it is cognizable in the courts of this state under the “Savings-to-Suitors” clause of the Federal Judicial Code. 28 U.S.C. § 1333(1).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.

. The original declaration was amended January 3, 1982, and the recitations are from the amended declaration.

. The Court acknowledges with gratitude the candor of appellees' counsel, who cited Jones & Laughlin in oral argument. If it is any comfort to him, he would have lost on this point, anyway, for the last reason stated.

.Except we do note from the declaration a marked tendency to make an “unseaworthy” claim which could be barred by Section 905(b) of the Act. See: Scindia Steam Navigations Co., Ltd. v. Santos, 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981).